# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1101V
### Filed: May 4, 2015
### Not for Publication

```
* * * * * * * * * * * * * * * * * * * * * * * *
NICHOLAS J. XANTHOPOULOUS,        *
                                  *
                                  *
               Petitioner,        *        Ruling on Entitlement; Concession;
                                  *        Human Papillomavirus ("HPV") Vaccine;
v.                                *        Vasovagal Syncope; Special Processing
                                  *        Unit ("SPU")
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
               Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Randall Elbert Smith, Smith, Elliot, Smith and Garmey, Saco, ME for petitioner.
Claudia Gangi, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On November 12, 2014, Nicholas Xanthopoulos filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of a human papillomavirus ("HPV") vaccine on October 12, 2012, petitioner suffered vasovagal syncope, and subsequent traumatic brain injuries secondary to the vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On April 30, 2015, respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 4. Specifically, respondent submits that "a preponderance of the evidence indicates that petitioner experienced a syncopal episode within one hour of receiving his HPV vaccination, and that the syncope was the proximate cause of his head injury." *Id.* Respondent further submits that the medical records establish petitioner "met the statutory requirements by suffering the condition for more than six months" and "has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master